IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER PENA-ORDONEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-420-M-BN |
| | § | |
| CITY OF FARMERS BRANCH POLICE DEPARTMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Javier Pena-Ordonez, a Texas pretrial detainee proceeding *pro se*, brings this civil rights action alleging that Officer Chad Purvis wrongfully arrested him, subjected him to an involuntary blood test in violation of the Fourth Amendment, interrogated him without the presence of counsel, and exhibited excessive force. Plaintiff claims that the City of Farmers Branch Police Department is responsible for failure to properly train and supervise Officer Purvis and did not keep proper records related to his arrest. On January 30, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the documents were not in proper

-1-

form, the undersigned ordered Plaintiff to file an amended complaint and motion to proceed *in forma pauperis*, which he did on February 7, 2013. *See* Dkt. Nos. 6, 8, & 9. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the undersigned granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 12. The undersigned sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 10. Plaintiff answered the interrogatories on February 20, 2013. *See* Dkt. No. 13; *see also* Dkt. No. 14.

In his amended complaint and interrogatory responses, Plaintiff generally accuses Officer Chad Purvis of: (1) wrongfully arresting him for driving while intoxicated ("DWI"); (2) denying him access to counsel; (3) forging paperwork to show consent to a blood test; (4) subjecting him to a warrantless blood test; and (5) refusing to let him sit down unless he consented to a breathalyzer test as well as forcibly restraining him and handcuffing him to a chair and gurney. *See* Dkt. No. 8 at 8-11; Dkt. No. 13 at Questions 1 & 3. Plaintiff claims that the Farmers Branch Police Department should be held responsible for failing to properly train and supervise Officer Purvis and for improper record keeping "in regard to citations being filed by their officer C. Purvis even though said citation[s] are not [signed] by the accused." Dkt. No. 8 at 8-9.

The undersigned now determines that Plaintiff's claims against the Farmers Branch Police Department and his allegations of excessive force should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His claims of wrongful arrest, denial of

access to counsel, forging paperwork, and unlawful seizure against Officer Purvis should be stayed until the state criminal charges against Plaintiff are finally resolved.

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

The court must "accept all well-pleaded facts as true, viewing them in the light

most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

*Claims Against Farmers Branch Police Department*

The undersigned initially observes that Plaintiff has failed to state a claim against the Farmers Branch Police Department. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes,* No. 3:07-cv-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). The Farmers Branch Police Department is not a legal entity capable of being sued. *Hernandez v. City of Farmers Branch,* No. 3:01-cv-1184-G, 2002 WL 66162, at *5 (N.D. Tex. Jan. 10, 2002) (finding that Farmers Branch Police Department is not a legal entity capable of being sued); *see also Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313-14 (5th Cir. 1991) (finding that Texas county sheriffs and police departments are generally not legal entities capable of being sued).

*Excessive Force Claims*

Plaintiff appears to assert claims for excessive force, alleging that he was

improperly restrained while his blood was being drawn, forced to stand with his hands behind his back while being questioned, handcuffed to a chair and gurney, and threatened with a taser gun. *See* Dkt. No. 8 at 8-11. The undersigned concludes that Plaintiff's allegations do not establish a constitutional violation.

To prevail on an excessive force claim in the context of an arrest or investigatory stop, a plaintiff must establish: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna,* 410 F.3d 745, 751 (5th Cir. 2005) (considering Fourth Amendment excessive force claim by arrestee). "Although a showing of significant injury is no longer required in the context of an excessive force claim, we do require a plaintiff asserting an excessive force claim to have suffered at least some form of injury." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted). "[T]he 'injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed.'" *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010) (quoting *Glenn*, 242 F.3d at 314).

Plaintiff alleges only that his dignity was harmed, as Officer Purvis threatened him with a taser and "cuffed Plaintiff to a chair much like one ties a leash or chain to a tree." Dkt. No. 8 at 10-11. However, "'mere threatening language and gestures of a [state official] do not, even if true, amount to constitutional violations.'" *Robertson v. Plano City of Tex.,* 70 F.3d 21, 24 (5th Cir. 1995) (quoting *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983)); *accord Fuller v. Police Dep't of Bossier City*, No. 95-30834, 1996 WL 166974, at *2 n.4 (5th Cir. Mar. 7, 1996) ("Fuller also asserted that Payne

threatened and cursed him during the arrest. This does not state a cognizable constitutional injury."). "Claims of hurt feelings, humiliation, and other heartfelt, yet objectively trivial indignities, are not of Constitutional moment[.]" *Jackson v. Liberty County,* 860 F. Supp. 360, 363 (E.D. Tex. 1994). In addition, the Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. *See Andrews v. Gilbert*, No. 4:12-cv-773-A, 2013 WL 28389, at *2 (N.D. Tex. Jan. 2, 2013) (citing 42 U.S.C. § 1997e(e)).

Accordingly, these claims should be summarily dismissed.

*Plaintiff's Other Claims*

That leaves Plaintiff's claims of wrongful arrest, denial of access to counsel, forging paperwork, and unlawful seizure. In *Heck v. Humphrey,* the United States Supreme Court held that a state prisoner cannot bring a 42 U.S.C. § 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. 512 U.S. 477, 486-87 (1994). The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred. *See id.*; *see also Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000) ("*Heck* dictates that when a person such as Hainze brings a section 1983 claim against the arresting officers the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If so, the claim is barred unless the conviction has been reversed or declared invalid."

(footnotes and internal quotation marks omitted)).

Here, Plaintiff is awaiting trial for DWI third. *See* Dkt. No. 13 at Question 2. If Plaintiff is convicted of that charge, *Heck* may bar his claims. *See Tyler v. Cedar Hill Indep. School Dist.,* No. 3:09-cv-2469-G, 2010 WL 1233455, at *2 (N.D. Tex. Mar. 3, 2010), *rec. adopted,* 2010 WL 1233458 (N.D. Tex. Mar. 29, 2010) (summarily dismissing claims for illegal search and seizure, unlawful arrest, wrongful interrogation, and false imprisonment under *Heck*); *Johnson v. Bradford,* 72 F. App'x 98, 99, 2003 WL 21697174, at *1 (5th Cir. July 22, 2003) (affirming dismissal of illegal search and seizure claims under *Heck*); *Ross v. Texas,* No. H-10-2008, 2011 WL 5978029, at *11 (S.D. Tex. Nov. 29, 2011) (claim of falsification of evidence regarding consent to blood and breathalyzer tests barred by *Heck*); *Speirs v. City of Universal City, Tex.,* No. 5:10-cv-222-FB-NN, 2010 WL 2721438, at *2 (W.D. Tex. July 8, 2010), *rec. adopted,* (W.D. Tex. Aug. 17, 2010) (same as to claim of unlawful blood draw in DWI case); *Wilson v. Buford,* No. 4:02-cv-959-Y, 2003 WL 21212566, at *4 (N.D. Tex. May 22, 2003) (same as to claim of denial of counsel during police questioning).

However, the Supreme Court has refused to extend *Heck* to pending criminal matters. *See Wallace v. Kato,* 549 U.S. 384, 393-94 (2007). In such circumstances, the proper procedure is to stay Plaintiff's claims "until the criminal case or the likelihood of a criminal case is ended." *Banks v. Gammon,* No. 3:08-cv-0474-K, 2008 WL 2404967, at *2 (N.D. Tex. June 9, 2008) (citing *Wallace,* 549 U.S. at 393-94); *see also Schwarzkopf v. McCoy,* No. 3:12-cv-1468-P-BH, 2012 WL 4473152, at *3 (N.D. Tex. Aug. 16, 2012), *rec. adopted,* 2012 WL 4479257 (N.D. Tex. Sept. 21, 2012).

## Recommendation

The Court should summarily dismiss Plaintiff's claims against the Farmers Branch Police Department and his allegations of excessive force pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's claims against Officer Purvis alleging wrongful arrest, denial of access to counsel, forging paperwork, and unlawful seizure should be stayed until the state criminal charges are finally resolved. The Clerk should be instructed to administratively close this case for statistical purposes. Once the state criminal proceedings against Plaintiff are concluded, Plaintiff may file a motion to reopen the case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 27, 2013

                                          _____
                                          DAVID L. HORAN
                                          UNITED STATES MAGISTRATE JUDGE