IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER PENA-ORDONEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-420-M-BN |
| | § | |
| OFFICER CHAD PURVIS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Barbara M. G. Lynn. *See* Dkt. No. 27. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Plaintiff Javier Pena-Ordonez's lawsuit without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On March 21, 2013, the Court accepted the Findings, Conclusions, and Recommendation of the United States Magistrate Judge; dismissed Plaintiff's claims against the Farmers Branch Police Department and his allegations of excessive force; stayed his claims against Officer Chad Purvis for wrongful arrest, denial of counsel, and unlawful seizure until the state criminal charges against Plaintiff are finally resolved; and directed the Clerk to administratively close this case for statistical

purposes. *See* Dkt. No. 18.

In a pleading dated August 15, 2015, which the Court received and docketed on August 24, 2015, Plaintiff moved to reopen his case, stating that "all the state criminal proceedings against [him] are concluded." Dkt. No. 25. On August 27, 2015, the Court granted his motion and re-referred this action to the undersigned for pretrial management. *See* Dkt. No. 27.

The next day, the undersigned issued a questionnaire to elicit further information concerning Plaintiff's state criminal charges – to establish whether such charges have been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court, because to the extent they have not been, his civil claims against Officer Purvis are likely barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* Dkt. No. 28; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) ("The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."); *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) ("a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction" (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008))).

The questionnaire cautioned Plaintiff that "[f]ailure to provide answers to all questions [by September 28, 2015] may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." Dkt. No. 28 at

1.  It is now more than two months since that deadline and more than three months since the Court issued its questionnaire, and Plaintiff has failed to comply or otherwise contact the Court.

### Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead

of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to respond to the Court's questionnaire, Plaintiff has prevented this action from proceeding and, therefore, has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of Plaintiff's lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

Because Plaintiff's noncompliance deprived the Court of information to determine whether a *Heck* prerequisite has been met, the recommended dismissal without prejudice pursuant to Rule 41(b) is not inconsistent with the preferred

-4-

dismissal where a plaintiff fails to "show that at least one of the *Heck* prerequisites has been met." *Lister v. Purdue*, No. 3:14-cv-715-D (N.D. Tex. Feb. 27, 2015) (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) (when *Heck* applies, "[a] preferred order of dismissal would read: Plaintiff['s] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.")).

## Recommendation

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff complies fully with the Court's previous order [Dkt. No. 28] – by submitting complete and verified responses to the questionnaire – the Court should refer this action back to the undersigned United States magistrate judge for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE